**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-7824**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

WENDELL EDWARD BETANCOURT, a/k/a Shawn Nelson, a/k/a Fire,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:01-cr-00025-JPB-JES-5; 3:12-cv-00083-JPB-JES)

———————

Submitted: January 30, 2013       Decided: February 7, 2013

———————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Wendell Edward Betancourt, Appellant Pro Se. Paul Thomas Camilletti, Thomas Oliver Mucklow, Assistant United States Attorneys, Martinsburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wendell Edward Betancourt seeks to appeal the district court's orders denying and dismissing his successive 28 U.S.C.A. § 2255 (West Supp. 2012) motion and denying his motion for reconsideration. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Betancourt has not made the required showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Betancourt's notice of appeal, informal brief, and supplemental informal brief as an

application to file a second or successive § 2255 motion. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp. 2012). Betancourt's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED